

IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CLARA FORD, INDIVIDUALLY AND AS THE
ADMINISTRATRIX OF THE ESTATE OF
JOSEPH TURNER, FOR AND ON BEHALF
OF THE WRONGFUL DEATH OF JOSEPH TURNER,
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF JOSEPH TURNER     **PLAINTIFFS**

VERSUS     CIVIL ACTION NO. 3:07cv731 HTW-LRA

G. D. SEARLE & CO.; PFIZER, INC.;
PHARMACIA CORPORATION; MONSANTO
COMPANY;     **DEFENDANTS**

## COMPLAINT
### JURY TRIAL REQUESTED

COMES NOW the plaintiff, **CLARA FORD**, Administratrix of the Estate of **JOSEPH TURNER**, deceased, individually and on behalf of the wrongful death beneficiaries of JOSEPH TURNER and file this her Complaint against **G. D. Searle & Co.; Pfizer, Inc.; Pharmacia Corporation; Monsanto Company; Gary Nowell, M.D.; and Does 1-5** for the wrongful death of JOSEPH TURNER, deceased, and in support thereof would show the following facts:

### PARTIES

I.

1. Plaintiff CLARA FORD is the natural daughter of JOSEPH TURNER. She is also the duly appointed administratrix of the Estate of JOSEPH TURNER, pursuant to an Order and Letters of Administration issued by the Chancery Court of Hinds County, Mississippi, First Judicial District, copies of which are attached hereto as Exhibit "A" and "B" respectively and incorporated

1

herein by reference. Plaintiff brings this action as administratrix of said estate. Plaintiff is an adult resident citizen of The First Judicial District of Hinds County, Mississippi.

2. The following named individuals are the statutory wrongful death beneficiaries-at-law of the decedent JOSEPH TURNER: Gladys Turner, wife; Clara Ford, daughter; Brenda Coffey, daughter; and Robert Earl Turner, son.

3. Plaintiff brings this action for the wrongful death of JOSEPH TURNER who was prescribed medication Celebrex (celecoxib) as administratrix of the Estate of JOSEPH TURNER and in her individual capacity as well as on behalf of the wrongful death beneficiaries identified and named above.

II

A. G. D. Searle & Co. (hereinafter "Searle") is a subsidiary of Pharmacia, Inc., and is upon information, knowledge and belief an Illinois Corporation, and is not registered to do business in Mississippi. As such, Defendant Searle can be served via certified mail through its CEO Alan L. Heller at its principle place of business: 5200 Old Orchard Road, Skobie, Illinois, 60077. At all times relevant to this action was in the business of manufacturing, marketing, selling, and distributing the pharmaceutical product Celebrex (Celecoxib).

B. Defendant Pharmacia Corporation is a Delaware Corporation licensed and registered to do business in Mississippi and can be served through it registered agent: CT Corporation System; 631 Lakeland East Drive; Flowood, Mississippi, 39208. At all relevant times Pharmacia was in the business of marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib).

C. Monsanto Company (hereinafter "Monsanto") is the parent of Pharmacia Inc. and

2

is a Delaware Corporation. At all times relevant hereto Monsanto through its subsidiary companies was in the business of manufacturing, marketing, selling, and distributing the pharmaceutical product Celebrex (Celecoxib). Defendant Monsanto is a registered to do business in Mississippi and can be served through it registered agent: CT Corporation System; 631 Lakeland East Drive; Flowood, Mississippi, 39208.

D. Defendant Pfizer Inc. (hereinafter "Pfizer") is a Delaware Corporation and at all times relevant hereto Pfizer was in the business of marketing, selling, and distributing the pharmaceutical product Celebrex (Celecoxib). Defendant Pfizer is registered to do business in Mississippi and can be served through it registered agent: CT Corporation System; 63 1 Lakeland East Drive; Flowood, Mississippi, 39208.

III

## JURISDICTION

4. This Court has subject matter jurisdiction of this matter pursuant to the provisions of MCA §9-7-81 (1972) in that the subject matter of this litigation is not made exclusively cognizable in some other court by the Constitution and laws of this state, and the principal of the amount in controversy does not exceed the jurisdictional limit of this Court.

5. This Court has in personam jurisdiction of the defendants by virtue of the facts that one or more of said defendant are adult resident citizens of the State of Mississippi and/or are corporations doing business in the State of Mississippi and may be served with the process of this Court therein.

IV

## VENUE

6. The Plaintiff's claim accrued in whole or in part in this judicial district and the Plaintiff resides in this judicial circuit. Some of these Defendants are foreign corporations, which have been and are currently engaged in business, directly or by authorized agent, in this judicial district. Venue and jurisdiction are therefore proper. The claims of Plaintiff herein satisfy the jurisdiction amount of this court.

V

## UNDERLYING FACTS

7. Celebrex is a pharmaceutical treatment for musculoskeletal joint pain associated with oseteoarthritis, among other maladies. Defendants Searle, Pharrnacia, Monsanto and Pfizer did manufacture, design, package, market and distribute this drug. Defendants Seale, Pharmacia, Monsanto and Pfizer encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. These Defendants aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and televisions advertisements. This Defendant did this to increase sales and profits.

8. At all times relevant hereto, Defendants actually knew of the defective nature if their products as herein set forth, yet continued to design, manufacture, market, distribute and sell their products so as to maximize sales and products at the expense of the general public's health and safety in conscious disregard at the foreseeable harm caused by these products. Defendants' conduct exhibit such an entire want of care as to establish that their action were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiffs individual rights,

4

and hence punitive damages are appropriate.

9. Plaintiff realleges all prior paragraphs of this complaint as if fully set out herein.

10. The pharmaceutical Celebrex (Celecoxib) designed, manufactured, sold and/or supplied by one or more of these Defendants, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

11. Further, the pharmaceutical Celebrex designed, manufactured, marketed, sold and/or supplied by one or more of these Defendants was defective in its marketing due to inadequate warnings or instructions, both independently and when coupled with the aggressive marketing campaign these Defendants initiated in relation to this product, both directly to the consuming public and indirectly to the physicians through drug sales representatives.

12. The pharmaceutical Celebrex designed, manufactured, distributed, marketed, sold and/or supplied by one or more of these Defendants was defective due to inadequate testing.

13. Additionally, Defendants Searle, Pharmacia, Monsanto and Pfizer failed to provide timely and adequate post-marketing warnings or instructions after the Defendants knew or learned of the risk of injury from Celebrex via post-marketing data. The defective nature of this product is a contributing cause of the decedent's injury and damages.

14. Plaintiff realleges all prior paragraphs of the Complaint as if set out herein.

15. Defendants Searle, Pharmacia, Monsanto and Pfizer had a duty to exercise reasonable care in the design, manufacture, marketing sale, testing and/or distribution of Celebrex (Celecoxib) into the stream of commerce. These Defendants failed to exercise ordinary care in design, manufacture, sale, testing and/or distribution of Celebrex in the stream of commerce.

16. These Defendants knew or should have known that Celebrex created an unreasonable risk of bodily harm, including the risk of death.

17. Despite the fact that Defendants Searle, Pharmacia, Monsanto and Pfizer knew or should have known that Celebrex caused unreasonably, dangerous side effects which many users would be unable to remedy by any means, these Defendants continued to market to this day, Celebrex to the consuming public, when there were and are adequate and safer methods of treatment, or opportunities for more meaningful warnings.

18. Defendants Searle, Pharmacia, Monsanto and Pfizer knew or should have known that consumers such as the decedent would foreseeably suffer injury or death as a result of Defendant's failure to exercise ordinary care as described above. Defendants' negligence was a contributing cause of Plaintiffs' injuries, and Plaintiffs economic and non-economic loss.

19. Plaintiffs reallege all prior paragraphs of this complaint as if fully set out herein.

20. Defendants Searle, Pharmacia, Monsanto and Pfizer made express representations to the consuming public at large through their aggressive marketing and advertising campaigns relative to their product, Celebrex.

21. Defendants, Searle, Pharmacia, Monsanto and Pfizer through their detail sales representatives, made representations of the safety and efficacy of their product, Celebrex.

22. Celebrex does not conform to the express representations made through Defendants' advertising.

23. Celebrex does not conform to the express representations made by Defendants' agents/sales representations.

24. Defendants' conduct in this matter was a contributing cause of injuries and

damages suffered by Decedent.

25. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

26. At the time Defendants Searle, Pharmacia, Monsanto and Pfizer marketed, sold and distributed Celebrex for use by the general consuming public, including Decedent, these Defendants knew of the use for which Celebrex was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

27. The decedent reasonably relied upon the skill and judgment of these Defendants as to whether Celebrex was of merchantable quality and safe and fit for its intended use.

28. Contrary to such implied warranty, Celebrex was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was intended and used as described above.

29. Defendants' conduct in this regard was a contributing cause of Decedent's injuries and damages.

30. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

31. Defendants Searle, Pharmacia, Monsar and Pfizer negligently, recklessly, intentionally and fraudulently made material misrepresentations that Celebrex was safe and effective. Defendants represented Celebrex as safe so that the general consuming public, including Decedent, would rely upon said representations when purchasing said products.

32. Prior to and following the introduction of Celebrex into the market as a prescribable pharmaceutical medication, Defendants Searle, Pharmacia, Monsanto and Pfizer set in motion a public relations and advertising, marketing campaign to market their product to the general consuming public by way of press releases, print advertisement, mass mail out advertisements and

7

TV advertising. Defendants' representations made concerning Celebrex as a safe and effective drug were made so that the Decedent and the general consuming public would rely on said representations and seek prescriptions for this drug from their treating physicians. In fact, decedent did rely Defendants Searle, Pharmacia, Mosanto and Pfizer representations.

33. At the time Defendants Searle, Pharmacia, Mosanto and made these representations, it was aware that these representations were false and/or made these representations with a reckless disregard to their truth. As a result of Defendants fraud and misrepresentations, the decedent suffered injuries and damages.

## PROXIMATE CAUSE AND DAMAGES

34. The negligence of defendants was the sole proximate cause of JOSEPH TURNER's agonizing, needless, and untimely death. In addition to his untold pain and suffering, JOSEPH TURNER and his heirs and wrongful death beneficiaries have forever lost the enjoyment of his life and the loss of his future income. Joseph Turner suffered additional medical expenses as well as considerable pain, suffering and mental anguish.

## PUNITIVE DAMAGES

35. Plaintiff herein would show that the acts of defendants were so grossly negligent, insensitive, and uncaring to amount to wilful and wanton conduct for which punitive damages should lie.

WHEREFORE, PREMISES CONSIDERED, plaintiff respectfully requests that this Court enter a judgment, jointly and severally, against the defendants named herein in an amount for actual and compensatory damages within the jurisdictional limits of this Court, and an additional amount as punitive damages against defendants for the reckless and grossly negligent conduct of said

defendants, and any other damages which the Court may deem appropriate, including but not limited to pre-judgment interest and attorney's fees as may be proper. **JURY TRIAL DEMANDED.**

          Respectfully submitted,

          **CLARA FORD**, INDIVIDUALLY AND AS THE ADMINISTRATRIX OF THE ESTATE OF JOSEPH TURNER, FOR AND ON BEHALF OF THE WRONGFUL DEATH OF JOSEPH TURNER, AND INDIVIDUALLY FOR THE WRONGFUL DEATH BENEFICIARIES OF JOSEPH TURNER

BY: _/s/ Wesley T. Evans_
      WESLEY T. EVANS.--MSB 9956
      DANA H. EVANS--MSB 100644
      COUNSEL FOR PLAINTIFF

THE EVANS LAW FIRM
712 EAST PEACE STREET
POST OFFICE DRAWER 528
CANTON, MISSISSIPPI 39046
(601) 855-2255

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

3:07cv731 HTW-LRA

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CLARA FORD, ADMINISTRATRIX OF THE ESTATE OF JOSEPH TURNER

**(b)** County of Residence of First Listed Plaintiff  **Hinds**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WESLEY T. EVANS, THE EVANS LAW FIRM, P.O. BOX 528, CANTON, MS 39046, (601)855-2255

### DEFENDANTS
G. D. SEARLE & CO.; PFIZER, INC.; PHARMACIA CORPORATION; MONSANTO COMPANY

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

SOUTHERN DISTRICT OF MISSISSIPPI FILED
DEC 1 4 2007
J. T. NOBLIN, CLERK          DEPUTY

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☒ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE  12/14/2007
SIGNATURE OF ATTORNEY OF RECORD  Wesley T. Evans

**FOR OFFICE USE ONLY**
RECEIPT # JO22749  AMOUNT $350.00  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

A CERTIFIED TRUE COPY

JAN 25 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 9 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

(SEE ATTACHED SCHEDULE)



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 3 1 2008
J. T. NOBLIN, CLERK
BY_____ DEPUTY

CONDITIONAL TRANSFER ORDER (CTO-93)

3:07-cv731

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,187 additional actions have been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of California and assigned to Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of September 6, 2005, and, with the consent of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN 2 5 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By Simone Voltz
Deputy Clerk
Date 1-28-08

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION    MDL No. 1699

### SCHEDULE CTO-93 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **MINNESOTA** | |
| MN 0 07-4847 | David E. Huard v. Pfizer Inc., et al. |
| MN 0 07-4848 | Maria Avendano v. Pfizer Inc., et al. |
| **MISSISSIPPI SOUTHERN** | |
| MSS 3 07-731 | Clara Ford, etc. v. G.D. Searle & Co., et al. |
| MSS 3 07-732 | Clara Ford, etc. v. G.D. Searle & Co., et al. |
| MSS 3 07-745 | Carolyn Downs, et al. v. Pfizer Inc. |

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION                MDL No. 1699

INVOLVED COUNSEL LIST (CTO-93)

Andy D. Birchfield, Jr.
BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111-3339

Wesley T. Evans
EVANS LAW FIRM
Post Office Box 528
Canton, MS 39046

Walter T. Johnson
WATKINS & EAGER
P.O. Box 650
Jackson, MS 39205-0650

Gregory A. Markel
CADWALADER WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281

Ted G. Meadows
BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

Justin G. Witkin
AYLSTOCK WITKIN KREIS & OVERHOLTZ PLLC
803 North Palafox Street
Pensacola, FL 32501

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION          MDL No. 1699

INVOLVED JUDGES LIST (CTO-93)

Hon. Michael James Davis
U.S. District Judge
14E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Donovan W. Frank
U.S. District Judge
738 Warren E. Burger Federal Bldg.
316 North Robert Street
St. Paul, MN 55101

Hon. Daniel P. Jordan, III
U.S. District Judge
110 James O. Eastland United States Courthouse
245 East Capitol Street
Jackson, MS 39201-2409

Hon. Henry T. Wingate
Chief Judge, U.S. District Court
James O. Eastland U.S. Courthouse, Suite 109
245 East Capitol Street
Jackson, MS 39201-2409

CJRA-SU, CLOSED, JURY, LRA

# U.S. District Court
## Southern District of Mississippi (Jackson)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00731-HTW-LRA
### Internal Use Only

Ford v. G. D. Searle & Co. et al
Assigned to: District Judge Henry T. Wingate
Referred to: Magistrate Judge Linda R. Anderson
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 12/14/2007
Date Terminated: 01/31/2008
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

### Plaintiff

**Clara Ford**
*Individually and as the Administratrix of the Estate of Joseph Turner, for and on behalf of the wrongful death of Joseph Turner, and on behalf of the worngful death beneficiaries of Joseph Turner*

represented by **Wesley T. Evans**
THE EVANS LAW FIRM
P. O. Box 528
Canton, MS 39046
601/855-2255
Email: wesley9956@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant
**G. D. Searle & Co.**

### Defendant
**Pfizer, Inc.**

### Defendant
**Pharmacia Corporation**

### Defendant
**Monsanto Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2007 | ◉1 | COMPLAINT with jury demand against G. D. Searle & Co., Pfizer, Inc., Pharmacia Corporation, Monsanto Company ( Filing fee $ 350 receipt number J022749), filed by Clara Ford. (Attachments: # 1 Civil Cover Sheet)(cwl) (Entered: 12/14/2007) |

| 12/14/2007 |  | (Court only) ***Set Mag. Judge Anderson, Pending Track and Jury Flags (cwl) (Entered: 12/19/2007) |
| 12/19/2007 | 2 | Letter sent to MDL Clerk with docket entries and complaint/notice of removal. (cwl) (Entered: 12/19/2007) |
| 12/21/2007 | 3 | ORDER STAYING TELEPHONIC CASE MANAGEMENT CONFERENCE pending transfer of this case to MDL. Signed by Judge Linda R. Anderson on December 21, 2007. (WG) (Entered: 12/21/2007) |
| 01/14/2008 | 4 | COPY OF CONDITIONAL TRANSFER ORDER FROM MDL: transferring case to the Northern District of California. (cwl) (Entered: 01/17/2008) |
| 01/31/2008 | 5 | CERTIFIED COPY OF CONDITIONAL TRANSFER ORDER: transferring this case to the (Northern District of California) (cwl) (Entered: 02/06/2008) |
| 02/06/2008 |  | (Court only) ***Staff notes - E-mailed to the N/D of California pdf documents 1-5 as separate pdf files including a pdf copy of docket sheet. (cwl) (Entered: 02/06/2008) |